West'n District
Sept. 1823.

BALDWIN
vs.
WILLIAMS.

The act of extinguishing a debt, dispenses with the previous declaration of the intention of extinguishing it.

BALDWIN vs WILLIAMS.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The petition is in the name of Baldwin, " who sues for the use and benefit of N. Cox," states that the defendant is indebted to the plaintiff on a promissory note.

The answer states, that S. Gardner became the purchaser of a negro named Little Jacob, his wife, and three children, at the probates' sale of the estate of L. H. Gardner, her late husband. That the plaintiff having large claims for himself and others, against the estate, induced the defendant to purchase said negroes from said Sarah; and, then for the consideration of the purchase he gave the note sued on, and others to the plaintiff, and took the said Sarah's conveyance; after which, and before its maturity, Jackson and Reynolds instituted a suit, to make said slaves liable for the payment of their claim; that the plaintiff had notice of said suit, in which said slaves were rendered so liable. The defendant averred that their value was not sufficient to satisfy Jackson & Reynolds's claim, wherefore the consideration of the note failed; therefore he

prayed that the note sued on and the others be cancelled. He further pleaded the general issue.

In answer to interrogatories put by the defendant, Baldwin declared on oath, that the note on which the suit is brought, and another executed at the same time, were given as the consideration for the negroes mentioned in the answer, sold and conveyed to him by S. Gardner; and he does not know of the defendant receiving any other consideration therefor. He did, as the friend and counsel of the defendant, advise him to buy the said negroes from her, and he may have been instrumental in effecting the sale. The defendant gave him the said notes (the consideration of the sale) instead of giving them to S. Gardner, though in receiving them, he acted as the attorney of N. Cox, the real plaintiff in the cause. During the life of L. H. Gardner, S. Gardner's husband, and before the settlement of his estate, claims were put into his hands against it for collection to the amount of $11,052 62, including interest and costs, to Sept. 29, 1724, and among them N. Cox's for upwards of $2,500. Previous to that time, viz: on the two last days of June, the estate had been sold by the parish judge,

on a credit till the 1st of April following, and
S. Gardner had purchased several slaves, and
among them those mentioned in the answer,
and the defendant became her surety for the
price, viz: $2450, and being alarmed at his
situation, applied to the defendant for advice
and assistance, and endeavored to induce him
to take the slaves, at costs, and give a receipt
therefor. This was declined ; but he offered
to take them at $2200, which was not accept-
ed. From the sale till the date of the notes,
S. Gardner was deemed if not insolvent, at
least, not certainly in a situation to pay the
price of the slaves, which gave rise to the de-
fendant's anxiety. Under these circumstan-
ces he applied to the respondent, as his friend
and counsel, as the latter understood, for aid
and advice, which was freely and honestly giv-
en, and as the only apparent means of relief,
was to take the slaves from S. Gardner, under
his conveyance, it was done. In his settlement
with S. Gardner the defendant acted as the at-
torney of the claimants, who had resorted to
him. Had no other mean of being paid, after
the sale, except the proceeds of it, he received
from her an assignment of the sums due by the
purchasers to the amount of her purchase, for

West'n District
Sept. 1823.

BALDWIN
vs.
WILLIAMS.

which the defendant was her surety.    At the final settlement with S. Gardner, Sept. 29 1820, the defendant accepted her bill of sale for the slaves, and executed the notes, one of which is the subject of this suit.    In consequence of which,  and at the same time the defendant gave S. Gardner a full and final discharge and acquittance.    The notes were received by the respondent, as the attorney of N. Cox, to whom they were offered ; but they were, at his request, returned for collection. They were made payable to the respondent, to avoid the necessity of Cox's endorsement, and facilitate their collections, the respondent having no interest therein.    It was not till some time after the settlement, that any claim was set up to the slaves, and that any doubt was entertained as to the validity of the defendant's title, at least to the respondent's recollection.

The district court, being of opinion that the consideration of the note had failed, gave judgment for the defendant, and the plaintiff appealed.

The documents offered by the plaintiff and appellant are :

The defendant's note, mentioned in the petition ; the execution of which was admitted :

An extract of the proces verbal of the sale of L. H. Gardner's estate :

The sale from S. Gardner to the defendant, referred to in the answer :

The record of a suit, *Cox* vs. *Gardner.*

The defendant offered the record of the suit, *Jackson & al* vs. *Williams,* 12 *Martin :*

An account between J. Baldwin and the estate of L. H. Gardner.

There cannot certainly be any doubt that if the note sued on had been given to S. Gardner, and was still in her hands, the defendant could successfully resist the payment of it, on the ground that she gave no consideration for it, or that that which she gave has since proven to be absolutely worthless, and that therefore if she pocketed the amount of the note she would enrich herself at the loss of the payer.

The consideration of the note of the defendant has clearly failed ; and there cannot be any doubt that if the vendor sued on it his claim could be successfully resisted.

The defendant urges that there has been only a delegation and no novation ; that the plaintiff's claim on his vendor, has not, in any of its parts, been extinguished, and that con=

sequently he is perfectly at liberty to oppose to his new creditor every exception of which he could avail himself against the former, his vendor.

The plaintiff, on the contrary, insists, that there has been a novation, and the former claim against the defendant's vendor is utterly extinguished. This is the gist of the case.

The plaintiff profers the evidence of the novation, in his answer to the defendant's interrogatories ; " In consequence of which," (the defendant's executing the note sued on,) "and at the same time a full and complete acquittance and discharge was given by the respondent to her," (S. Gardner). An unsuccessful attempt has been made to shew that this discharge was given at a posterior day. But the account by which it is made, proves nothing, as it is itself without a date.

The defendant admits that the plaintiff has done an act, which, perhaps, extinguishes the debt ; but he contends that nothing in the evidence induces a belief, that such a discharge was any other than a spontaneous voluntary act of the plaintiff gratuitously made, because the plaintiff had not, before the defendant executed the note, made any express nor even

West'n District
*Sept.* 1823.

BALDWIN
*vs.*
WILLIAMS.

implied declaration of his intention to discharge the original debt.

It appears to us, that as the acquittance was given in consequence of, and *at the same time* as the note, we must presume it was given in his presence, and consequently with his knowledge, and without some evidence of any expression of his disapprobation, we must conclude that it was done with his consent, and according to the intentions of all the parties.

The act of extinguishing a debt, dispenses with a previous express declaration of the intention of extinguishing it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, reversed and avoided; and proceeding to give such a judgment as ought to have been, in our opinion, given below, it is ordered, adjudged, and decreed, that the plaintiff recover from the defendant the sum of four hundred and sixty dollars, with interest at ten per cent. as mentioned in the note, from the first of April, 1821, till paid, with costs in both courts.

*Baldwin* for the plaintiff, *Scott* and *Thomas* for the defendant.